IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK HENRY | * | |
| Plaintiff(s) | * | |
| | * | |
| vs. | * | Civil No. JFM-04-979 |
| | * | |
| ROBERT PURNELL | * | |
| Defendant(s) | * | |
| | ***** | |

MEMORANDUM

This memorandum addresses plaintiff's Rule 37(c)(1) motion to exclude the expert testimony of Dr. Edward R. Cohen ("Cohen") based on Cohen's failure, pursuant to Rule 26(a)(2)(B), to disclose properly a list of the cases in which he has testified over the past four years. Although there is no question that Cohen's disclosure does not meet the requirements of Rule 26(a)(2)(B), I am denying plaintiff's motion, provided that Cohen makes a proper disclosure within 30 days of the date of this memorandum.

The reason for my ruling is that in light of the fact that no trial date has yet been set, plaintiff will not be prejudiced by permitting Cohen to make a late disclosure while defendant would be substantially prejudiced by an order precluding Cohen from testifying.[1]

---

[1] Counsel for defendant responded to the request made by plaintiff's counsel for a listing of the cases in which Dr. Cohen has testified by stating, *inter alia*,: "Be assured, however, that any motion to exclude this expert would be made in bad faith, and will be immediately met with a request for sanctions against you personally and your client." (Exhibit 8 in Defendant's Brief in Opposition ("Def. Br.")). Both the tone and the substance of this response were entirely unjustified. The request for the information by plaintiff's counsel was entirely appropriate, as is abundantly clear from the express language of Rule 26(a)(2)(B) and relevant case law.

I.

Defendant has designated Cohen as an expert who will testify on his behalf to the long-term impact of the gunshot wound plaintiff suffered. The deadline for defendant to submit Cohen's Rule 26(a)(2)(B) written report was September 16. Defense counsel made an initial submission of the report on September 15. Over the course of the ensuing month he and plaintiff's counsel argued about the sufficiency of that report, which lead defense counsel to submit supplementary filings. (Plaintiff's Brief at 1-2.) The end result was a final written report submitted on October 19 that included Cohen's conclusions and the data he relied upon in making them; his rate of compensation; his curriculum vitae; a statement that he had not published anything in the past ten years; and a list of 127 patients he had examined and testified on behalf of in his capacity as an expert witness over the past four years.

The list of patients is what is at issue here. Other than their names, Cohen did not provide any information about the cases in which the patients were involved e.g., case names, case numbers, and court location, except that next to three names he placed the term "court" in parentheses, presumably meaning he testified in court in those cases rather than by deposition. **(Exhibit 6 in Def. Br.)** Plaintiff's counsel requested that Cohen provide this information so that he could track down Cohen's previous testimony, but defense counsel asserted that Cohen's records contained only the names of the patients and nothing else. (Exhibit 8 in Def. Br.) Plaintiff subsequently filed this motion.

II.

A. <u>Violation of Rule 26(a)(2)(B)</u>

2

Cohen's list of 127 patients fails on its face to meet the minimum disclosure requirements of Rule 26(a)(2)(B). A "witness who is retained or specially employed to provide expert testimony" must prepare and sign a written report to be disclosed to the party against whom the witness will testify. FED. R. CIV. PRO. 26(a)(2)(B). The report must include, *inter alia*, "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." *Id*. "Case law has defined this requirement to include, at a minimum, the name of the court, the name of the parties, the case number, and whether the testimony was given at deposition at trial." *Zollinger v. Brockway Glass Container, Inc.*, 233 F. Supp. 2d 349, 356 (N.D.N.Y. 2002) (citing *Giladi v. Strauch*, 2001 U.S. Dist. LEXIS 4645 at *3 (S.D.N.Y. Apr. 16, 2001) (collecting cases)). Rule 26(a)(2)(B) includes this requirement for good reason: it "bears directly on whether the expert is qualified under Fed. R. Evid. 702, and commonly provides a factual basis to attack the credibility of the expert." *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997). Having failed to provide a scintilla of information beyond the patients' names, Cohen has made it impossible for plaintiff to obtain copies of his former testimony and has therefore not satisfied the requirements of Rule 26(a)(2)(B).

Rule 37(c)(1) provides for the automatic exclusion from trial of the testimony of an expert who fails to disclose information required by Rule 26(a), unless (1) there is a "substantial justification" for the failure and 2) the failure is "harmless." FED. R. CIV. PRO. 37(c)(1). The burden of establishing the existence of both falls on the party on behalf of whom the expert is to testify. *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). Defendant falls woefully short of carrying this burden with regard to Cohen.

1.  <u>Substantial Justification</u>

"Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id*. According to defendant, Cohen has provided just the patients' names because he simply does not retain in his files any other information concerning the patients' cases. (**Def. Br. at 5**.) Parties have offered this same excuse in other cases, and each time they have been soundly rebuked. *See e.g.*, *Norris v. Murphy*, 2003 U.S. Dist. LEXIS 10795 at *11 (D. Mass. June 26, 2003) ("An expert cannot deliberately put himself or herself in the position where it is impossible to comply with a rule and then claim that he or she cannot comply. Self-induced inability to comply with a rule is simply not justified."); *Nguyen*, 162 F.R.D. at 680-81 ("The representation to the court would require the court to believe that Dr. Shechter has not maintained medical files on his patients which would include all documents which came into his hands related to patients examined by him. The court is asked to conclude that no medical reports or billing statements to attorneys have been maintained which would identify either the cases or the complete names and addresses of the attorneys.").

2. Harmlessness

"Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Nguyen*, 162 F.R.D. at 680. Defendant asserts that plaintiff has suffered no harm because Cohen's conclusions and the data he relied upon in making them are all that plaintiff really needs to prepare for trial. Any information concerning Cohen's testimony in previous cases, defendant claims, is merely "supplemental" or "tangential." (*See* Def. Br. at 3, 6.) As discussed above, however, the case listing *is important* because it provides ammunition for cross-examination of an expert. That is why Rule 26(a)(2)(B) expressly requires the case listing in the first

4

place. *Sullivan*, 175 F.R.D. at 503 ("All too often lawyers focus almost exclusively on disclosing the expert's opinions, the supporting facts, data and bases, and neglect their additional obligation to disclose the witness's qualifications, publications, compensation, and listing of prior testimony.").

Here, it is not as though Cohen has disclosed sufficient information such that plaintiff's counsel can track down Cohen's testimony in a significant number of his previous cases. If that were so, defendant might plausibly argue that no harm would flow from failing to disclose the remaining case information. *See Norris*, 2003 U.S. Dist. LEXIS 10795 at * 13. But that is not what happened. From the list of patients Cohen provided, plaintiff's counsel is unable to identify even a handful of cases that Cohen has worked on during the past four years. Cohen's complete failure to adhere to Rule 26(a)(2)(B) is therefore anything but "harmless."[2]

B.  Remedying the Violation

Though Rule 37(c)(1) provides for automatic exclusion of an expert's testimony if his Rule 26(a) report is incomplete, courts do not mechanically apply this exclusion in every case. At this stage of the litigation I will not so apply it here. Cohen's violation of Rule 26(a)(2)(B) is clear and

---

[2] Defendant mistakenly argues that plaintiff could have deposed Cohen if he truly wanted to learn about the cases in which Cohen has previously provided expert testimony. (Def. Br. at 3.) What that argument fails to grasp is that the Rule 26(a)(2) disclosures were created with the purpose, *inter alia*, of obviating the need to depose experts in most situations. FED. R. CIV. PRO. 26(a), Commentary to 1993 Amendments ("The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert . . . ."). Indeed, "[t]he depositions of experts are *precluded* until the required disclosures have been made." *Nguyen*, 162 F.R.D. at 682 (citing FED. R. CIV. PRO. 26(b)(4)) (emphasis added); *see also* FED. R. CIV. PRO. 26(a), Commentary to 1993 Amendments ("Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.").

defense counsel has acted inappropriately in handling this matter, *see supra* note 1, but defendant should not pay the price for those failings. Cohen's testimony is important to defendant's case, and the trial will not be delayed by a late disclosure.

In *Sullivan*, Magistrate Judge Grimm articulated a four-factor balancing test to determine when the Rule 37(c)(1) automatic exclusion is appropriate: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[3] *Sullivan*, 175 F.R.D. at 506-07 (citing *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 755 (Fed. Cir. 1997) (describing the test as that used by the Fifth Circuit in determining whether a district court judge has abused her discretion in excluding expert testimony).

In this case, the second and third factors cut in favor of plaintiff and the exclusion of Cohen's testimony. The first and fourth factors, however, weigh in defendant's favor. With regard to the first, Cohen's testimony is irrelevant to the question of liability, and thus defendant would not be in danger of losing the case if Cohen is prevented from testifying. His testimony is, however, central to determining the effects plaintiff has suffered and will continue to suffer from the gunshot wound, which is at the heart of plaintiff's damages claim of $1,000,000. Complaint ¶ 18 ("As a direct and proximate result of the constitutional violations and actions of the defendant, the plaintiff's use of his right arm is severely and permanently impaired as a result of the elbow wound."). As for the

---

[3] Judge Grimm indicated these factors are to be used to determine if there was substantial justification for the inadequate disclosure, but they equally assist a court in deciding whether to apply the automatic exclusion after having found the absence of a substantial justification for the inadequate disclosure.

fourth factor, this motion did not come on the eve of trial leaving no time for curing the problem. Because a trial date has not been set, giving Cohen thirty days from the date of this memorandum to correct his report will not substantially delay the proceedings.

    A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: November 16, 2005       /s/_____
                                        J. Frederick Motz
                                        United States District Judge